# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

DON THOMAS MERCELANY
MAXWELL/G-DOFFEE                                                      PLAINTIFF
ADC #108778

V.                          NO. 4:26-cv-123-DPM-ERE

TASHAILA DUNLAP, *et al.*                                            DEFENDANTS

## ORDER

*Pro se* plaintiff Don Thomas Mercelany Maxwell/G-Doffee, an Arkansas Division of Correction ("ADC") inmate, filed this 42 U.S.C. § 1983 case. *Doc. 2*. Mr. Maxwell/G-Doffee's complaint is 175 pages long and includes 66 pages of exhibits. He sues 12 named Defendants and an unidentified number of Doe Defendants. Mr. Maxwell/G-Doffee sues all Defendants in both their individual and official capacities seeking monetary and injunctive relief.

This Order identifies problems in the complaint and gives Mr. Maxwell/G-Doffee the opportunity to file an amended complaint.

## I.    Complaint Deficiencies

Federal Rule of Civil Procedure 8(a) and (e) specify that a complaint must contain a "short and plain statement" showing that the plaintiff is entitled to relief and that the averments set forth therein must be "simple, concise, and direct." Mr. Maxwell/G-Doffee's complaint is in clear violation of Rule 8. The Eighth Circuit

has consistently held that prisoner complaints that fail to conform to the requirements of Rule 8 may be dismissed. See *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (citing Rule 8 and affirming dismissal of *pro se* prisoner's 75-page fourth amended complaint that repeatedly referenced earlier filed documents and 260 exhibits, and contained numerous "unrelated or overlapping" claims); *Williams v. Harmon*, 2008 WL 4331125 (8th Cir. Sep. 24, 2008) (unpublished opinion) (affirming the preservice dismissal of a prisoner's section 1983 complaint that failed to comply with Federal Rule of Civil Procedure 8); *Chandler v. Pogue*, 2003 WL 943750 (8th Cir. March 11, 2003) (unpublished opinion) (same).

Mr. Maxwell/G-Doffee's complaint has an additional problem. Mr. Maxwell/G-Doffee raises the following proposed claims: (1) denial of due process; (2) retaliation; (3) violation of ADC policies and procedures; (4) excessive force; (5) unconstitutional conditions of confinement; (6) medical deliberate indifference; (7) failure to protect; (8) denial of access to the courts; and (9) interference with the inmate grievance process. He alleges that Defendants have violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

Mr. Maxwell/G-Doffee's proposed constitutional claims arise at different time periods and involve different Defendants. Many claims appear to be unrelated. Mr. Maxwell/G-Doffee may not pursue multiple claims that are factually and legally unrelated in a single lawsuit. See FED. R. CIV. P. 20(a)(2) (multiple defendants may

be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," and involve "any question of law or fact common to all defendants"). Instead, Mr. Maxwell/G-Doffee must choose which *related* claims he wishes to pursue in this case. He is free to pursue unrelated claims by filing one or more new lawsuits.

## II.   Guidelines for Filing Amended Complaint

Mr. Maxwell/G-Doffee has thirty days to file an amended complaint. If Mr. Maxwell/G-Doffee files an amended complaint, he should only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

In addition, Mr. Maxwell/G-Doffee should: (1) include only related claims; (2) identify and name as Defendants the individuals who allegedly violated his constitutional rights with regard to the related claims; (3) explain how each Defendant personally violated his constitutional rights; and (4) describe how he was harmed or injured as a result of each Defendant's alleged unconstitutional conduct.

Finally, Mr. Maxwell/G-Doffee's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders

3

the original complaint without legal effect). So, Mr. Maxwell/G-Doffee should make sure that his amended complaint, if filed, includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Maxwell/G-Doffee should not rely upon, or incorporate by reference, any allegations made in his original complaint. In other words, Mr. Maxwell/G-Doffee's amended complaint, if filed, will stand alone.

### III.   Conclusion

IT IS THEREFORE ORDERED THAT:

1.     Mr. Maxwell/G-Doffee may file an amended complaint within thirty (30) days of the entry of this Order.

2.     If Mr. Maxwell/G-Doffee fails to file an amended complaint, the Court will screen the original complaint,[1] which is likely to result in the dismissal of some claims.

3.     The Clerk is instructed to provide Mr. Maxwell/G-Doffee a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

DATED 5 February 2026.

_____

UNITED STATES MAGISTRATE JUDGE